UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 OCT 12 A 8: 45

U.S. DISTRICT COURT
DISTRICT OF MASS.

04 12139 NMG

RHODA SPANGLER, )
)
Plaintiff )
) MAGISTRATE JUDGE Alexander
)
v. )
) Civil Action No. _____
UNUMPROVIDENT LIFE )
INSURANCE COMPANY and )
USI CONSULTING GROUP, )
)
Defendants )

RECEIPT # 59208
AMOUNT $150
SUMMONS ISSUED N/A
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED ____
BY DPTY. CLK. Tom
DATE 10/17/04

**NOTICE OF REMOVAL**

To: The Judges of the United States District Court for the District of Massachusetts

Defendant UnumProvident Life Insurance Company[1] ("Unum"), a corporation organized and existing under the laws of the State of Maine, pursuant to 28 U.S.C. §§ 1441, et seq., requests removal of a civil action commenced in the Middlesex Superior Court, styled Rhoda Spangler v. UnumProvident Life Insurance Company, et al., Docket No. 04-03291-L2. In support of removal, Defendant respectfully states:

---

[1] Plaintiff has improperly named "UnumProvident Life Insurance Company" as the Defendant. No such entity exists. Unum Life Insurance Company of America is the proper Defendant that issued the relevant policy.

{W0277016.1}

1. Plaintiff commenced this action by filing a Complaint (the "Complaint") against Defendant in the Middlesex Superior Court of Massachusetts. Plaintiff alleges claims for failure to pay benefits pursuant to a group life insurance policy issued by Unum. Copies of all process, pleadings, and other orders served upon Unum are attached hereto as Exhibit A.

2. Defendant received service of the Complaint and Summons no sooner than September 22, 2004.

3. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e), and the action may therefore be removed to this Court pursuant to 28 U.S.C. § 1441(a).

4. The policy provided by Unum pursuant to which Plaintiff claims benefits is a group life insurance policy established by Plaintiff's decedent's employer for the benefit of its employees. As such, it is an "employee welfare benefit plan" for purposes of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461. ERISA preempts all state laws relating to the plan. 29 U.S.C. § 1144. A proper action to recover benefits due under the plan can be brought only pursuant to 29 U.S.C. § 1132(a)(1)(B).

5. Defendant Unum desires to remove this action to this Court. Defendant USI Consulting Group consents to this removal.

6. Pursuant to 28 U.S.C. § 1446(b), removal is timely filed within thirty days after service upon Defendant of the initial pleading setting forth the claims for relief. *See Murphy Bros., Inc. v. Michetti Pipe Stringing*, 526 U.S. 344, 348, 354 (1999).

7. Pursuant to 28 U.S.C. § 1446(d), the Defendant will shortly be filing a copy of the Notice of Removal with the Middlesex Superior Court, and sending copies of the Notice to Plaintiff's counsel.

8. Pursuant to the United States District Court for the District of Massachusetts Local Rule 81.1(a), Defendant will file certified or attested copies of all records and proceedings in the state court and a certified or attested copy of all docket entries in the state court.

WHEREFORE, Defendant respectfully requests that the above-captioned action be removed from the Middlesex Superior Court to this Court.

DATED: October 8, 2004

John J. Aromando
Bar Reg. No. 545648

PIERCE ATWOOD LLP
One Monument Square
Portland, ME 04101
(207) 791-1100

*Attorneys for Defendant*
*Unum Life Insurance Company of America*

{W0277016.1}