TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss
[seal]

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 04-03291-L2

Rhoda Spangler
................................, Plaintiff(s)

v.

UnumProvident Life Insurance Company and
USI Consulting Group
................................, Defendant(s)

## SUMMONS

To the above-named Defendant: USI Consulting Group

You are hereby summoned and required to serve upon .....James E. Grumbach, Rothernberg, Estner, Crsi, Arone & Grumbach, LLP.... plaintiff's attorney, whose address is ....20 William St., Suite 245 Wellesley, MA 02481................................, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at .....Lowell................ ................................................................ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Robert A. Mulligan, Esquire, at ................................................................
the .....27th................ day of .....August................
................, in the year of our Lord .....2004................ .

9/1/04

Edward J Sullivan
Clerk

NOTES.    RECEIVED
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
    for each defendant, each should be addressed to the particular defendant.
           SEP 22 2004
           PTL LEGAL DEPT

FORM NO. SUP. — 001

(Left margin note: NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.)

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

CIVIL DOCKET # MICV2004-03291-L2

RE: Spangler v Unumprovident Life Insurance Company et al

TO: James E Grumbach, Esquire
    Rothenberg Estner Orsi Arone &
    20 William Street, Suite 245
    Wellesley Hills, MA 02481

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 11/18/2004 |
| Response to the complaint filed (also see MRCP 12) | 01/17/2005 |
| All motions under MRCP 12, 19, and 20 filed | 01/17/2005 |
| All motions under MRCP 15 filed | 01/17/2005 |
| All discovery requests and depositions completed | 06/16/2005 |
| All motions under MRCP 56 served and heard | 07/16/2005 |
| Final pre-trial conference held and/or firm trial date set | 08/15/2005 |
| Case disposed | 10/14/2005 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to session "L2" sitting in Cv CrtRm 2 (Lowell) Middlesex Superior Court.

Dated: 08/20/2004

Edward J. Sullivan
Clerk of the Court

BY: Martha Fulham
Assistant Clerk

Location: Cv CrtRm 2 (Lowell)
Telephone: 978-453-0201 EXT 231

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

Check website as to status of case: http://ma-trialcourts.org/tclc

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                                          SUPERIOR COURT
                                                                        C.A. NO.

```
_____
                                        )
RHODA SPANGLER,                         )
        Plaintiff                       )
                                        )
                                        )
V.                                      )
                                        )
UNUMPROVIDENT LIFE INSURANCE            )
COMPANY AND USI CONSULTING GROUP,       )
        Defendants.                     )
_____ )
```

## COMPLAINT AND JURY DEMAND

1. The plaintiff, Rhoda Spangler ("Ms. Spangler"), has at all times material resided at 106 High Street, Acton, Middlesex County, Massachusetts.

2. The defendant UnumProvident Life Insurance Company ("UnumProvident"), has at all material times been the successor to Unum Life Insurance Company ("Unum"), a duly-authorized company in the business of selling various life, health and disability insurance products in the Commonwealth of Massachusetts and elsewhere, with an office located at 100 Summer Street, Suite 1400, Boston, Suffolk County, Massachusetts.

3. The defendant USI Consulting Group ("USI") is a duly organized corporation which has at all times material been a third-party administrator responsible for processing and administering the Burns and Roe Enterprises, Inc. ("Burns and Roe") group term life insurance program, with an office located at 401 Edgewater Place, Suite 260, Wakefield, Middlesex County, Massachusetts.

4. The plaintiff is the widow of Ronald C. Spangler ("Mr. Spangler"), who died on January 13, 2003.

5.      Prior to his death, Mr. Spangler worked at Burns and Roe.

6.      As a Burns and Roe employee, Mr. Spangler participated in procuring life and accidental death and dismemberment benefits from Unum. Mr. Spangler purchased both base coverage (in the amount of his annual salary of $120,000) and supplemental life insurance coverage, in the same amount, with all the premiums being deducted from his payroll.

7.      Mr. Spangler paid for $240,000 in coverage, by way of payroll deductions, and the funds were accepted by one or both of the defendants.

8.      After his death, Ms. Spangler promptly notified the defendants of his death and submitted documentation and forms as requested.

9.      In response, Ms. Spangler received a payment in the amount of $78,650. That amount equaled 65% of his annual salary. The defendants had deducted, and failed to pay, Ms. Spangler: (a) $42,350, which represents 35% of his annual salary, with respect to the "base coverage" and (b) $121,000 in "supplemental coverage", for a total additional amount claimed but unpaid in the amount of $163,350.

10.     By letter dated April 13, 2003, defendant USI represented that Mr. Spangler had sought to purchase base coverage plus 65% of supplemental coverage, and that he had been "incorrectly included in the list of individuals approved for the additional coverage ... which was in fact not in force" at the time of his death. Indeed, according to defendant USI, Mr. Spangler was only entitled to base coverage in the amount of 65% of his salary. A fair and accurate copy of the April 13, 2003 letter is attached hereto as Exhibit A. Further, in the letter, defendant USI acknowledged that an error had been made and offered to refund premiums, plus offered additional funds as well in settlement of any potential claim.

11.     Plaintiff is informed and believes, and therefore avers, that one or both of defendants

accepted plaintiff's full premiums and included him as approved for both the base and supplemental coverage.

12. Notwithstanding their receipt of plaintiff's premiums, and his allegedly improper status as a covered employee, neither of the defendants took action in a timely manner to communicate with Mr. Spangler, to assure that he completed additional documentation that was allegedly needed, or took any other action appropriate to protect his and the plaintiff's rights.

13. Plaintiff made a formal claim, in writing, dated February 7, 2004 to both defendants. A fair and accurate copy of the February 7, 2004 claim letter is attached hereto as Exhibit B.

14. By letter dated February 26, 2004, UnumProvident denied the claim. A fair and accurate copy of the February 26, 2004 denial letter is attached hereto as Exhibit C.

15. Plaintiff sought an appeal, in writing, dated April 16, 2004 to both defendants. A fair and accurate copy of the April 16, 2004 appeal letter is attached hereto as Exhibit D.

16. By letter dated June 11, 2004, UnumProvident denied the appeal. A fair and accurate copy of the June 11, 2004 denial letter is attached hereto as Exhibit E.

## COUNT I (CONTRACT--UNUMPROVIDENT)

17. The plaintiff realleges and incorporates by reference each and every allegation of paragraphs 1-16.

18. The plaintiff has complied with all terms, provisions and conditions of the insurance policy issued by Unum.

19. UnumProvident's failure to make payment of 35% of the base benefit and 100% of the supplemental benefit is a material breach of contract.

20. As a result of Unum's failure, plaintiff has sustained substantial damages.

3

## COUNT II (DECLARATORY JUDGMENT--UNUMPROVIDENT)

21. The plaintiff realleges and incorporates by reference each and every allegation of paragraphs 1-20.

22. There is an actual controversy which has arisen between the plaintiff and Unum.

## COUNT III (DUTY OF GOOD FAITH AND FAIR DEALING--UNUMPROVIDENT)

23. The plaintiff realleges and incorporates by reference each and every allegation of paragraphs 1-22.

24. The defendants failed to act in good faith and in accord with fair dealings, thereby causing plaintiff Mrs. Spangler substantial damages.

## COUNT IV (NEGLIGENCE--USI)

25. The plaintiff realleges and incorporates by reference each and every allegation of paragraphs 1-24.

26. The defendant USI negligently and carelessly served as third-party administrator to the participants at Burns and Roe, and in particular Mr. Spangler.

27. As a result of defendant USI's negligence, Ms. Spangler was caused to lose substantial economic benefits from Unum.

## COUNT V (IMPLIED CONTRACT)

28. Plaintiff realleges and incorporates by reference each and every allegation set out in paragraphs 1-27 of the Complaint.

29. Mr. Spangler paid his premiums in a timely manner, by way of payroll deductions, and defendants received the benefit of such premiums, as payment for their product or services.

4

30. Mr. Spangler reasonably expected that he would obtain insurance as a result of paying such premiums or, alternatively, that any excess premium would be returned or additional paperwork would be provided to him, if necessary.

31. The defendants have been unjustly enriched by virtue of collecting and retaining for their own benefit such premiums.

## COUNT VI (PROMISSORY ESTOPPEL)

32. Plaintiff realleges and incorporates by reference each and every allegation of paragraphs 1-31.

33. The defendants accepted the payroll deductions of Mr. Spangler as premiums.

34. Mr. Spangler reasonably relied to his detriment, insofar as he is no longer able to submit documentation which could have been provided had defendants notified him in a timely manner.

35. Injustice can be prevented only by enforcement of the parties' agreement to provide such coverage for Spangler and his beneficiary, Ms. Spangler.

## COUNT VII (VIOLATION OF M.G.L.A. CH. 93A AND 176D)

36. The plaintiff realleges and incorporates by reference each and every allegation of paragraphs 1-35.

37. By letter dated February 7, 2004, the plaintiff sent the defendants a demand letter pursuant to M.G.L.A. ch. 93A and 176D.

38. The defendant UnumProvident responded to the plaintiff's demand letter by its denial dated February 26, 2004.

39. The defendant USI never responded to the plaintiff's demand letter.

40. The defendants are engaged in trade or commerce.

41. The defendants' acts and omissions constitute unfair and deceptive acts and practices, in violation of M.G.L.A. chapters 93A, 175 and 176D.

42. The defendants' acts were wilful and knowing.

WHEREFORE, the plaintiff respectfully demands the following relief:

a. that the Court enter judgment in the plaintiff's favor under Count I against Unum in an amount to be determined, together with interest and costs;

b. that the Court declare the respective parties rights and obligations under Count II, and determine that Unum is liable to the plaintiff for additional benefits under the insurance policy in question, together with interest and costs;

c. that the Court enter judgment in the plaintiff's favor under Count III against the defendant Unum in an amount to be determined, together with interest and costs;

d. that the Court enter judgment in the plaintiff's favor under Count IV against the defendant USI in an amount to be determined, together with interest and costs;

e. that the Court enter judgment in the plaintiff's favor under Counts V and VI against the defendants in an amount to be determined, together with interest and costs;

f. that the Court enter judgment in the plaintiff's favor under Count VII against the defendants for double or treble damages, along with reasonable attorney's fees and costs; and

g.   that the Court enter such other and further relief as it deems just and proper.

For the Plaintiff Rhoda Spangler
By her attorneys,

*/s/ James E. Grumbach*

James E. Grumbach, Esq., BBO# 213740
Theresa Kelly Banash, Esq., BBO #267170
ROTHENBERG, ESTNER, ORSI, ARONE &
GRUMBACH, LLP
Wellesley Office Park
20 William Street, Suite 245
Wellesley, MA  02481
(781) 239-8900

*/s/ Alfred D. Ellis (by JEG)*

Alfred D. Ellis, Esq.
(BBO #153280)
ZIMBLE & BRETTLER, LLP
21 Custom House Street
Boston, MA 02110
(617) 723-2222

Dated:       August 17, 2004

**THE PLAINTIFF CLAIMS A TRIAL BY JURY AS TO ALL COUNTS OF THE COMPLAINT**

7

*EXHIBIT A*



CONSULTING GROUP

Corporate Headquarters:
75 Glastonbury Boulevard
Glastonbury, CT 06033-1296
860.633.5283
860-368-2110 fax
www.usicg.com

Regional Offices:
Greater Boston, MA
Knoxville, TN
New York, NY
Greater Philadelphia, PA
Greater Atlanta, GA

REDEFINING BENEFIT CONSULTING

**Federal Express**
April 13, 2003

Mr. Daren Spangler
106 High Street
Acton, MA 01720

Re:   Ronald C. Spangler; Supplemental Group Term Life Insurance

Dear Mr.. Spangler,

This follows our prior discussions concerning the supplemental group term life insurance referenced above. As we discussed, Burns and Roe has referred the matter to USI Consulting Group for evaluation and response.

USI Consulting Group is the third party administrator responsible for processing and administering the Burns and Roe Enterprises group term life insurance program and, in particular, your deceased father's 2002 calendar year election to increase life insurance coverage by an additional 65% of salary. As you know, after reviewing our records concerning the supplemental 65% group term life insurance coverage, we learned that he was incorrectly included in the list of individuals approved for the additional coverage. The additional coverage was in fact not in force at the time of your father's death.

Under the terms of group term life insurance program, your father was entitled to base life insurance coverage equal to 65% of his salary. In addition, he was eligible to elect additional supplemental coverage equal to one, two or three times 65% of his salary. However, under the terms of the program, existing participants wishing to elect to increase their coverage must submit an evidence of insurability form which the insurance carrier must approve. This form is provided to electing participants automatically in response to their election. In your father's case, the form relating to the 2002 calendar year election was mailed on December 14, 2001. However, he did not complete or return the form and was therefor not approved for the additional coverage.

The 2002 election was not the first year with respect to which your father submitted for the additional coverage. He also elected to increase his group term life insurance in the same manner for calendar years 2000 and 2001. In each case, he was furnished with the necessary evidence of insurability form, and in each case he failed to complete and submit the form for review. However, with respect to those calendar years, he was correctly not included in the list of approved individuals entitled to the coverage.

We understand that your family is disappointed that the additional coverage is not available. However, we also believe that, because your father had sought and failed to acquire the coverage in two consecutive prior years, he understood that the coverage was contingent on submission and carrier approval of the evidence of insurability form, and that the premium payments deducted from his pay were the result of an administrative error.

USI Consulting Group does not underwrite life insurance, and is not in a position to force the carrier to remit payment on coverage which the carrier did not approve. However, we also understand that it is our administrative error that has lead to confusion surrounding this matter. We believe that our legal liability for this administrative error is limited to ensuring that your father's estate is made whole for amounts deducted from his pay, which we estimate to be approximately $1,100 dollars including interest calculated at 5%. The cost of group term life insurance varies from year to year, and I am having this number verified.

We also understand that the inconvenience which this may have caused your family is attributable to our administrative error. Because of this, we propose to make an additional $4,000 payment to your father's estate in settlement of any claim you may feel that you have against our organization. Again, we do not offer this because we believe that we have a legal obligation to pay this amount. Rather, we are truly apologetic that the administrative error may have caused your family any inconvenience.

Once you have had a chance to review the above discussion, please don't call me directly at 860-368-2923.

Cordially,

**USI Consulting Group**

Robert J. Plante, J.D.
Senior Vice President

# *EXHIBIT B*

# ROTHENBERG ⸱ ESTNER
# ORSI ⸱ ARONE & GRUMBACH, LLP

ATTORNEYS AT LAW

*Martin I. Estner • Eric P. Rothenberg • James E. Grumbach*
*Robert Orsi • Nicholas A. Iannuzzi Jr. • Robert L. Arone • Gerald J. Turner*
OF COUNSEL: *Theresa Kelly Banash • Frank M. Di Maria*
*Writer's e-mail: jgrumbach@reoag.com*

February 7, 2004

UNUM Life Insurance Company
Group Life Customer Care Center
P.O. Box 9061
Portland, ME 04104-5046
Attn: Holly Libby, Customer Care Specialist

USI Consulting Group
95 Glastonbury Blvd
Glastonbury, CT 06033-1296
Attn: Robert Plante, Sr. Vice President Legal

Re:  Ronald Spangler (deceased)
     Burns and Roe (employer/plan administrator)

Dear Madam and Sir:

This firm represents the family of Ronald Spangler. As you know, he was employed by Burns and Roe. Mr. Spangler had payroll deductions for life insurance premiums beginning in January 2002. He died on January 13, 2003. After his death, claims were made for both a *base payout* and a *supplemental payout*, each in the amount of one-time (1x) his base salary of $121,000.

Our client received a base payout in the amount of 65% of Mr. Spangler's base salary, based on the fact that his age was over 65 years at the time of his death. We believe that the 35% reduction was erroneous, as is set out below in detail. Further, as to the supplemental payout, according to an April 13, 2003 letter from Mr. Plante of USI, Mr. Spangler was not eligible for the coverage (despite the fact that he paid the premiums, which were accepted), because he failed to complete an "evidence of insurability" form. However, the Policy specifically excludes the need for such form in this situation, by virtue of the following language:

> *Evidence of insurability satisfactory to the Insurance Company is required for the amount of the employee's life insurance (Basic & Additional Benefits combined) which:*
>
> *a) is over $400,000*
> *b) exceeds 3x annual earnings*

(Policy Specifications, PS-L-3)(emphasis added) It is undisputed that the total amount of insurance *(to wit, $242,000)* did not exceed either (a) $400,000 or (b) 3x Mr. Spangler's salary of $121,000.

---

WELLESLEY OFFICE PARK
20 William Street, Wellesley, Massachusetts 02481-4104 · 781-239-8900 · Facsimile 781-239-8909 · www.reoag.com

ROTHENBERG ⇒ ESTNER
ORSI ⇒ ARONE & GRUMBACH, LLP

UNUM Life Insurance Company
USI Consulting Group
February 7, 2004
Page 2

    As to the basic amount of coverage, we direct your attention to the Policy Specifications, Part 1, Schedule, §1b at page PS-L-2, which states as follows:

> If the employee is age 65 or older at the initial enrollment period, his coverage will be 65% of the amounts of insurance he chooses (Basic and Additional Benefits), subject to changes in earnings.

Here, if the Policy were to be construed as USI suggests, then the above language as to "initial enrollments" would be superfluous. General rules of contract (and statutory) construction provide that a contract should be construed as a whole, and with no portion viewed as superfluous. *Roberts v. Enterprise Rent-A-Car Company of Boston, Inc.*, 438 Mass. 187, 193-194, 779 N.E.2d 623, 628 (2002); *Lynch v. Commonwealth*, 54 Mass. App. Ct. 347, 350, 765 N.E.2d 774, 776 (2002).

    Furthermore, it appears that the Policy also includes the following language.

> Reduction Formula: The pre-age 70 amounts as shown in the schedule reduce to 65% at age 65; and further reduce to 50% at age 70

(Policy Specifications, Part 1, page PS-L-2-3) This language is ambiguous. What does the phrase "[t]he pre-age 70 amounts as shown in the schedule" mean? We do not believe that a typical plan participant would understand it to mean the basic amount of life insurance benefits set out in the schedule. In Massachusetts, any ambiguities are to be construed against the drafter, to wit, UNUM, as determined by the objectively reasonable insured would expect. E.g., *Citation Insurance Co. v. Gomaz*, 426 Mass. 379, 381 (1998); *Western Alliance v. Gill*, 426 Mass. 115, 117 (1997). Hence, we do not believe that the Policy language supports denial of 35% of the basic benefits.

    Accordingly, kindly accept this letter as a formal claim for 35% of the basic benefits of $121,000 (to wit, $42,350) plus 100% of the supplemental benefits for Mr. Spangler (to wit, $121,000), for a total balance due of $163,350.

    By virtue of this letter, we formally reject the settlement offer of approximately $5,100 set forth by Mr. Plante in his letter of April 13, 2003. In the event that this demand is not accepted, kindly send us copies of all materials setting forth the precise appeal procedure (in terms of claims against either of the addressees) which we must follow.

    This letter is sent pursuant to the provisions of M.G.L.A. chapters 93A and 176D. Under the provisions of those statutes, your respective companies have thirty (30) days to respond to this letter with a reasonable tender of settlement. If you fail to do so, you may be subject to liability for double or treble damages. Thank you in advance for your prompt attention to this matter. Kindly direct all

ROTHENBERG ⸱ ESTNER
ORSI ⸱ ARONE & GRUMBACH, LLP

UNUM Life Insurance Company
USI Consulting Group
February 7, 2004
Page 3

responses to the undersigned.

Very truly yours,

*[signature]*

James E. Grumbach

cc:   Client
      Alfred D. Ellis, Esq.

*EXHIBIT C*



UNUMPROVIDENT CORPORATION
Group Life Customer Care Center
PO Box 9061
Portland, ME 04104-5046
FAX: 1-207-575-6096

February 26, 2004

RHODA SPANGLER
C/O JAMES E GURMBACH
ATTORNEY AT LAW
20 WILLIAM ST
WELLESLEY MA  02481-4104

Dear Mrs. Spangler:

We wrote to you on January 28, 2003, regarding the life insurance claim submitted on behalf of your husband, Ronald Spangler. We have now completed the claim review and determined that additional benefits are not payable and would like to take this opportunity to explain to you how I arrived at my decision.

The original claim was submitted for $242,000.00. Payment totaling $78,650.00 plus applicable interest has been sent to you under separate cover. This letter addresses the remaining $163,350.00.

Enclosed is a copy of the applicable provisions of Unum Life Insurance Company of America's group life insurance policy. These provisions explain that if an active employee reaches age 65 to 69 years of age while insured, their life insurance will be based on the salary as of their date last worked, and then reduced to 65% of that benefit amount.

In addition, I have enclosed the policy provision that explain if an employee does not elect additional benefits when they first become eligible, the amount of the life insurance an employee elects during an annual enrollment will need evidence of insurability submitted to, and approved by, Unum Life Insurance Company of America.

The policy held by Barns and Roe Enterprises, Inc. became effective with Unum Life Insurance Company of America on June 1, 1996. At this time your husband did not elect additional benefits, and chose only to carry the basic employer paid amount of one times his annual earnings. Information from Burns and Roe Enterprises, Inc. indicates your husband elected three times his annual earnings for the first time during the 2002 annual enrollment period.

The policy states that evidence of insurability must be submitted to the Insurance Company for approval with any written application for insurance if at annual enrollment an employee applies for an increase in the amount of employee life insurance. Evidence of insurability was not submitted to Unum Life Insurance Company of America or approved on the increased benefit amount elected on your husband's annual enrollment in 2002. Therefore, the $121,000.00 increase in life insurance never became effective.

In addition, your husband's basic life insurance coverage was based on one times his annual earnings rounded to the next higher $1,000.00. Information from your husband's employer indicates your husband's salary was $120,000.14. The policy provisions as stated above require a reduction of this

Page 2

benefit to 65% or $78,650.00. The benefit amount previously sent to you in January 2003 is the total amount due to you and no further benefits are payable.

I am notifying Burns & Roe to make any appropriate premium adjustments.

Our action at this time is not a waiver of any and all other rights and defenses which our company may have under the provisions of these policies. In fact, specification of the foregoing grounds for denial shall not be exclusive. The company reserves all of its rights and waives none regarding this matter.

### Appeal Procedures

If you, or your authorized representative, wish to appeal a denied claim, you must file a written appeal. We must receive this appeal within 90 days from the date of this letter. You should send your written request for an appeal to the following address:

**UnumProvident**
**Portland Customer Care Center**
**Quality Performance Support – Appeals Unit**
**P.O. Box 9548**
**Portland, ME 04122-5058**

Please include the number that identifies the claim, **0099451144**, and the policy number, **506777**. You may submit written comments, documents, records or other information in support of your appeal. Upon request and free of charge, you may have reasonable access to, and copies of, all relevant documents, as defined by applicable U.S. Department of Labor regulations.

The appeal review will take into account all new information, whether or not presented or available at the initial determination. We will make a full and fair review of the claim and may require additional documents as we deem necessary or desirable in making such a review.

A decision on appeal will be made not later than 60 days after we receive your written request for appeal. If special circumstances require an extension of time for a decision on appeal, the review period may be extended by an additional 60 days. You will be notified of the reasons for the extension and the date by which we expect to make a decision. If an extension is required due to your failure to submit the information necessary to decide the claim, the notice of extension will specifically describe the necessary information and the date by which you need to provide it to us. The 60-day extension of the appeal review period will begin after you have provided that information. If you fail to deliver the requested information with the time specified, we may decide your appeal without that information.

If your appeal is denied, the notice of our decision will include the following information:
a. the specific reason(s) for the appeal determination;
b. a reference to the specific Plan provision(s) on which the determination is based;
c. a statement that you are entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to your claim;

Page 3

d.  a statement of your right to bring a civil suit under section 502(a) of ERISA; and
e.  a statement that "You or your plan may have other voluntary alternative dispute resolution options, such as mediation. One way to find out what may be available is to contact your local U.S. Department of Labor office and your State insurance regulatory agency."

Notice of the denial may be provided in written or electronic form. Electronic notices will be provided in a form that complies with any applicable legal requirements.

Unless there are special circumstances, this administrative appeal process must be completed before you begin any legal action regarding your claim.

If we do not receive your written appeal with 90 days of the date of this letter, our claim determination will be final.

I regret this claim decision could not have been more favorable to you. If you have any questions about the review process, please do not hesitate to call me at 1-800-445-0402, ext. #53166.

Sincerely,


Brenda J. Brown, Senior Customer Care Specialist
Unum Life Insurance Company of America


enclosures

cc:   Burns & Roe
      USI Consulting Group
      file