Page 4

**Pertinent Policy Provisions
Regarding Evidence of Insurability
From Policy Issued to
Barns and Roe Industries, Inc.**

" SECTION I – POLICY SPECIFICATIONS

PART I

1. LIFE AND ACCIDENTAL DEATH AND DISMEMBERMENT BENEFITS – Employees only

   b.  Amounts of Insurance

   Basic Benefits:

<u>Life Amount</u>

Class 1   1x annual earnings
               To a maximum of $300,000

   i.    Life Insurance (Basic and Additional Benefits combined):

        Reduction Formula:   The pre-age 70 amounts as shown in the schedule reduce to 65% at age 65;

SECTION III - ELIGIBILITY AND EFFECTIVE DATES

   C.  ENROLLMENT

     An employee may enroll or change his coverage only during an enrollment period or because of a change in status as follows:

2. Annual Enrollment Period

During each annual enrollment period, an employee may choose one of the following for the next policy year

   b.   at an annual enrollment period or following a change in status, an employee applies for an increase in the amount of employee life insurance.

4. Evidence of Insurability

   Evidence of Insurability must be submitted to the Insurance Company for approval with any written application for insurance if:

Page 5

    c.   at an annual enrollment period or following a change in status, an employee applies for an increase in the amount of employee life insurance.

D.  EFFECTIVE DATES OF INSURANCE

    2.  For Coverage Applied For During Annual Enrollment Periods:

        An employee will be insured for the selected coverage on the late of the following dates:

        b.  the date the Insurance Company gives its approval if evidence of insurability is required.

**Evidence of Insurability** means a statement or proof of an employee's medical history upon which acceptance for insurance will be determined by the Insurance Company."

ROTHENBERG □ ESTNER
ORSI □ ARONE & GRUMBACH, LLP

Unum Provident
USI Consulting Group
April 16, 2004
Page 3

    Accordingly, kindly accept this letter as a formal appeal. We would appreciate your focusing on our assertions, rather than simply on the language of the policy which has already been cited. Further, we wish to remind you that our previous letter was sent out pursuant to the provisions of M.G.L.A. chapters 93A and 176D. Under the provisions of those statutes, your respective companies had thirty (30) days to respond with a reasonable tender of settlement or else risk the imposition of double or treble damages, along with reasonable attorney's fees.

    Thank you in advance for your prompt attention to this matter.

Very truly yours,

James E. Grumbach

cc:    Client
       Alfred D. Ellis, Esq.

# EXHIBIT E



June 11, 2004

JAMES GRUMBACH
ROTHENBERG, ESTNER, ORSI, ARONE & GRUMBACH
WELLESLEY OFFICE PARK
20 WILLIAMS STREET
WELLESLEY, MA  02481-4104

RE: Ronald Spangler
     Claim Number: 0099451144
     Policy Number: 506777

Dear Attorney Grumbach:

Thank you for your letter requesting a review of the denial of the life insurance claim that Rhoda Spangler submitted on behalf of her husband, Ronald Spangler. We have completed our review and have determined that the decision to deny additional life benefits in the amount of $163,350.00 to Mrs. Spangler was appropriate and we are upholding that decision.

According to the policy under which Ronald Spangler was covered:

1. LIFE AND ACCIDENTAL DEATH AND DISMEMBERMENT BENEFITS – Employees Only

   b. Amounts of Insurance

      Basic Benefits:

      ### Life Amount

      CLASS 1    1x annual earnings to a maximum of $300,000

   i. Life Insurance (Basic and Additional Benefits combined):

      Reduction Formula:   The pre-age 70 amounts as shown in the schedule reduce to 65% at age 65; and further reduce to 50% at age 70

C. ENROLLMENT

An employee may enroll or change his coverage only during an enrollment period or because of a change in status as follows:

2. Annual Enrollment Period

During each annual enrollment period, an employee may choose one of the following for the next policy year:

a. a decrease in coverage;
b. an increase in employee life coverage to any level with evidence of insurability satisfactory to the Insurance Company; or
c. the same level of coverage.

Any amount of insurance for which evidence of insurability is required will be effective on the date the Insurance Company gives its approval.

4. Evidence of Insurability

Evidence of Insurability must be submitted to the Insurance Company for approval with any written application for insurance if:

a. an individual was previously declined by the Insurance Company;
b. an employee selects an amount of employee life insurance (Basic and Additional Benefits combined) that exceeds 3x annual earnings; or
c. at an annual enrollment period or following a change in status, an employee applies for an increase in the amount of employee life insurance.

D. EFFECTIVE DATES OF INSURANCE

2. For Coverage Applied For During Annual Enrollment Periods:

An employee will be insured for the selected coverage on the later of the following dates:

a. the first day of the next policy year; or
b. the date the Insurance Company gives its approval if evidence of insurability is required.

Evidence of Insurability means a statement or proof of an employee's medical history upon which acceptance for insurance will be determined by the Insurance Company.

On appeal, a complete review of Mr. Spangler's file has been conducted. Mrs. Spangler has received payment in the amount of $78,650.00 plus applicable interest. She is claiming additional life benefits in the amount of $163,350.00.

Based on the information in Mr. Spangler's file, he applied for supplemental life insurance at one times his annual earnings during the 2002 annual enrollment period. Thus, according to the policy provision under Annual Enrollment Period previously quoted above:

> b. an increase in employee life coverage to any level with evidence of insurability satisfactory to the Insurance Company;...

As Mr. Spangler did not submit evidence of insurability to our Company, the $121,000.00 increase in his life insurance was never approved by our Company. Therefore, Mrs. Spangler is not eligible to receive that additional life insurance benefit. We will again notify Mr. Spangler's Employer to make any appropriate premium adjustments.

With respect to the 65% that Mrs. Spangler received out of the $121,000.00, the policy states:

> Reduction Formula:   The pre-age 70 amounts as shown in the schedule reduce to 65% at age 65; and further reduce to 50% at age 70

As the policy provision states, at age 65, the pre-age 70 amounts shown in the schedule reduce to 65%. Because Mr. Spangler was 65 at the time of his death, his life insurance benefit was reduced to 65%.

With respect to your prior letter dated February 7, 2004, our Company did respond to your letter on February 10, 2004.

Based on our review, Mrs. Spangler is not entitled to any additional life insurance benefits and we are upholding our prior determination.

You are entitled to receive upon request, and without charge, reasonable access to or copies of all documents, records or other information relevant to this determination.

If you dispute this determination, you have a right to bring a civil suit under Section 502 (a) of the Employee Retirement Income Security Act of 1974.

Sincerely,

Patricia Tetreault
Lead Appeals Specialist
cc: file