UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RHODA SPANGLER,
               Plaintiff

v.

UNUM PROVIDENT LIFE INSURANCE
COMPANY and USI CONSULTING GROUP,

               Defendants.

C.A. No. 04-12139 NMG

**ANSWER OF USI CONSULTING GROUP
TO PLAINTIFF'S AMENDED COMPLAINT**

    Defendant, USI Consulting Group ("USI"), responds to the numbered paragraphs of the Amended Complaint as follows:

    1.    The information set forth in paragraph 1 of the Amended Complaint does not contain any allegations of fact, and therefore, no response is required.

    2.    USI is without knowledge or information to form a belief as to the residential address of the Plaintiff, or the location of Unum Provident Life Insurance Company's ("Unum") place of business, and therefore, calls upon the Plaintiff to prove the same. Otherwise, admitted.

    3.    USI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Amended Complaint, and calls upon the Plaintiff to prove the same.

    4.    USI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Amended Complaint, and calls upon the Plaintiff to prove the same.

    5.    Admitted.

6.  Admitted.

7.  Admitted.

8.  USI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Amended Complaint, and calls upon the Plaintiff to prove the same.

9.  USI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Amended Complaint, and calls upon the Plaintiff to prove the same.

10. Admitted.

11. The allegations set forth in paragraph 11 of the Amended Complaint call for a legal conclusion, and therefore, no response is required.  To the extent a response is deemed necessary, USI denies the allegation and calls upon the plaintiff to prove the same.

12. Denied.

13. Denied.

14. USI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Amended Complaint, and calls upon the Plaintiff to prove the same.

15. Denied.

16. USI admits only the allegations contained in the first sentence of paragraph 16 of the Amended Complaint.  USI denies the remaining allegations.

17. To the extent that the allegations set forth in paragraph 17 refer to a document, said document speaks for itself.

18. To the extent that the allegations set forth in paragraph 18 refer to a document, said document speaks for itself. As to any remaining allegation contained in paragraph 18, USI denies such allegation and calls upon the plaintiff to prove the same.

19. Denied.

20. To the extent that the allegations set forth in paragraph 20 refer to a document, said document speaks for itself.

21. To the extent that the allegations set forth in paragraph 21 refer to a document, said document speaks for itself.

22. To the extent that the allegations set forth in paragraph 22 refer to a document, said document speaks for itself.

23. To the extent that the allegations set forth in paragraph 23 refer to a document, said document speaks for itself.

24. To the extent that the allegations set forth in paragraph 24 of the Amended Complaint refer to a statute, said statute speaks for itself.

**COUNT I (RECOVERY OF BENEFITS - UNUM)**

25. USI realleges and incorporates by reference each and every response to paragraphs 1 – 24 of the Amended Complaint, as if set forth fully herein.

26. The allegations of paragraph 26 of the Amended Complaint do not pertain to USI, and therefore, no response is required.

27. The allegations of paragraph 27 of the Amended Complaint do not pertain to USI, and therefore, no response is required.

28. The allegations of paragraph 28 of the Amended Complaint do not pertain to USI, and therefore, no response is required.

## COUNT II (BREACH OF FIDUCIARY DUTY - USI)

29. USI realleges and incorporates by reference each and every response to paragraphs 1 – 28 of the Amended Complaint, as if set forth fully herein.

30. The allegations set forth in paragraph 30 of the Amended Complaint call for a legal conclusion, and therefore, no response is required.

31. Denied.

32. To the extent that the allegations set forth in paragraph 32 refer to a document, said document speaks for itself. As to any remaining allegation contained in paragraph 32, USI denies such allegation and calls upon the plaintiff to prove the same.

33. Denied.

## COUNT III (EQUITABLE RELIEF)

34. USI repeats and incorporates by reference each and every response to paragraphs 1 – 33 of the Amended Complaint, as if fully set forth herein.

35. The allegations set forth in paragraph 35 of the Amended Complaint call for a legal conclusion, and therefore, no response is required.

36. Denied.

37. Denied.

38. Denied.

39. The information set forth in paragraph 39 of the Amended Complaint does not contain any allegations of fact, and therefore, no response is required.

WHEREFORE, USI requests that this Court:

(a) dismiss Count II, or enter judgment in favor of USI on Count II;

(b) dismiss Count III, or enter judgment in favor of USI on Count III;

(c) deny the Plaintiff's request for an award of attorney's fees and costs; and

(d)   enter such other and further relief as it seems just and proper.

## AFFIRMATIVE DEFENSES

Having denied each of the Plaintiff's allegations not specifically admitted, USI sets forth the following affirmative defenses.

### First Affirmative Defense

The Plaintiff is barred from recovery because she has failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

The Plaintiff is barred from recovery because of failure of a condition precedent.

### Third Affirmative Defense

The Plaintiff's claims for relief are barred by the doctrine of estoppel.

### Fourth Affirmative Defense

The Plaintiff's claims for relief are barred by the doctrine of waiver.

### Fifth Affirmative Defense

The Plaintiff's claims for equitable relief are barred because the Plaintiff has an adequate remedy at law.

### Sixth Affirmative Defense

Punitive damages are not recoverable by the Plaintiff by reason of the claims for relief alleged in the Amended Complaint.

### Seventh Affirmative Defense

The Plaintiff's alleged damages were proximately caused by the acts of a third party over whom USI had no control.

### Eighth Affirmative Defense

The Plaintiff's claims are barred because she has failed to exhaust her administrative remedies.

### Ninth Affirmative Defense

The Plaintiff's claims are barred by the doctrine of preemption, pursuant to 29 U.S.C. 1144(a).

### Tenth Affirmative Defense

The Plaintiff's claims are barred by the doctrine of accord and satisfaction.

USI hereby provides notice of its intent to add and rely upon such other defenses as ay become apparent during the discovery of this action, and reserves the right to amend its answer to assert such defenses.

WHEREFORE, USI prays that this Court grant judgment in its favor, dismissing the Amended Complaint of Rhoda Spangler and awarding USI its costs and such other and further relief as is just and appropriate.

### JURY DEMAND

The Defendant USI demands a jury trial on all counts.

USI CONSULTING GROUP

By its attorneys,

HOLLAND & KNIGHT

BY: /s/ James D. Smeallie
James D. Smeallie (BBO #467380)
Damon S. Seligson (BBO #632763)
10 St. James Avenue
Boston, MA 02116
(617) 523-2700 (telephone)
(617) 523-6850 (facsimile)

Dated: January 19th, 2005

*I hereby certify under the pains and penalties of perjury that this document was served upon counsel for all parties in this case on JANUARY 19, 2005 by Hand/by Mail*