UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 JAN 28 A 11: 46

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| RHODA SPANGLER, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 04-cv-12139 |
| ) | |
| UNUMPROVIDENT LIFE INSURANCE ) | |
| COMPANY ) | |
| and ) | |
| USI CONSULTING GROUP, ) | |
| ) | |
| Defendants ) | |

## ANSWER OF DEFENDANT UNUM LIFE INSURANCE COMPANY OF AMERICA

### FIRST DEFENSE

Defendant Unum Life Insurance Company of America ("Unum") answers Plaintiff's Amended Complaint as follows:

1. Paragraph 1 of Plaintiff's Amended Complaint states a legal conclusion to which no response is required; to the extent that a response is required, Defendant admits the allegations contained in Paragraph 1.

2. Defendant Unum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Amended Complaint relating to Plaintiff and USI Consulting Group ("USI"). Defendant Unum admits the remaining allegations contained in Paragraph 2 of Plaintiff's Amended Complaint.

{W0312713.1}

3. Defendant Unum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Amended Complaint.

4. Defendant Unum admits that is a duly authorized company in the business of selling life and disability products in Massachusetts and elsewhere and that it has an office at 100 Summer Street, Suite 1400 in Boston, Massachusetts and denies the remaining allegations contained in Paragraph 4 of Plaintiff's Amended Complaint.

5. Defendant Unum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Amended Complaint.

6. In response to the allegations contained in Paragraph 6 of Plaintiff's Amended Complaint, Defendant Unum admits that Burns and Roe Enterprises, Inc. established a welfare benefit plan for the benefit of its eligible employees and that Unum issued policy no. 506777 to that plan (the "Plan"). Unum denies the remaining allegations contained in Paragraph 6 of Plaintiff's Amended Complaint.

7. In response to the allegations contained in Paragraph 7 of Plaintiff's Amended Complaint, Defendant Unum admits that Burns and Roe Enterprises, Inc. acted as a plan administrator for the Plan. Unum denies the remaining allegations contained in Paragraph 7 of Plaintiff's Amended Complaint on the basis that Unum acted as claims administrator with discretion to determine eligibility for coverage and benefits.

8. Defendant Unum admits the allegations contained in Paragraph 8 of Plaintiff's Amended Complaint.

9. Defendant Unum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Amended Complaint.

10. Defendant Unum admits the allegations contained in Paragraph 10 of Plaintiff's Amended Complaint.

11. Defendant Unum admits that Plaintiff as an employee was eligible to apply for coverage under the Plan, and denies the remaining allegations contained in Paragraph 11 of Plaintiff's Amended Complaint.

12. Defendant Unum denies the allegations contained in Paragraph 12 of Plaintiff's Amended Complaint.

13. Defendant Unum denies the allegations contained in Paragraph 13 of Plaintiff's Amended Complaint.

14. Defendant Unum denies the allegations contained in Paragraph 14 of Plaintiff's Amended Complaint.

15. Defendant Unum denies the allegations contained in Paragraph 15 of Plaintiff's Amended Complaint.

16. Defendant Unum admits that Plaintiff received a base payment of insurance of 65% of the decedent's annual earnings and denies the remaining material allegations contained in Paragraph 16 of the Plaintiff's Amended Complaint.

17. Defendant Unum admits that a letter dated April 13, 2003 is attached to Plaintiff's Amended Complaint as Exhibit A and denies any contrary allegations contained in Paragraph 17 of the Plaintiff's Amended Complaint.

18. Defendant Unum denies the allegations contained in Paragraph 18 of Plaintiff's Amended Complaint as they relate to Unum's approval of supplemental coverage, admits the allegations that as they relate to Unum's approval of basic coverage and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18 of Plaintiff's Amended Complaint.

19. Defendant Unum denies the allegations contained in Paragraph 19 of Plaintiff's Amended Complaint as they relate to Unum and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of Plaintiff's Amended Complaint.

20. Defendant Unum admits that a letter dated February 7, 2004 is attached to Plaintiff's Amended Complaint as Exhibit B and denies any contrary allegations contained in Paragraph 20 of the Plaintiff's Amended Complaint.

21. Defendant Unum admits that a letter dated February 26, 2004 is attached to Plaintiff's Amended Complaint as Exhibit C and denies any contrary allegations contained in Paragraph 21 of the Plaintiff's Amended Complaint.

22. Defendant Unum admits that a letter dated April 16, 2004 is attached to Plaintiff's Amended Complaint as Exhibit D and denies any contrary allegations contained in Paragraph 22 of the Plaintiff's Amended Complaint.

23. Defendant Unum admits that a letter dated June 11, 2004 is attached to Plaintiff's Amended Complaint as Exhibit E and denies any contrary allegations contained in Paragraph 23 of the Plaintiff's Amended Complaint.

24. Paragraph 24 of the Plaintiff's Amended Complaint contains no allegations and therefore no response is necessary.

## COUNT I

25. Defendant Unum repeats and realleges each and every response to the allegations of Paragraphs 1-24 of Plaintiff's Amended Complaint.

26. Defendant Unum denies the allegations contained in Paragraph 26 of Plaintiff's Amended Complaint.

27. Defendant Unum denies the allegations contained in Paragraph 27 of Plaintiff's Amended Complaint.

28. Defendant Unum denies the allegations contained in Paragraph 28 of Plaintiff's Amended Complaint.

## COUNT II

29. Defendant Unum repeats and realleges each and every response to the allegations of Paragraphs 1-28 of Plaintiff's Amended Complaint.

30. Defendant Unum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiff's Amended Complaint.

31. Defendant Unum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiff's Amended Complaint.

32. Defendant Unum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of Plaintiff's Amended Complaint.

33. Defendant Unum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of Plaintiff's Amended Complaint.

## COUNT III

34. Defendant Unum repeats and realleges each and every response to the allegations of Paragraphs 1-33 of Plaintiff's Amended Complaint.

35. Defendant Unum denies the allegations contained in Paragraph 35 of Plaintiff's Amended Complaint.

36. Defendant Unum denies the allegations contained in Paragraph 36 of Plaintiff's Amended Complaint.

37. Defendant Unum denies the allegations contained in Paragraph 37 of Plaintiff's Amended Complaint.

38. Defendant Unum denies the allegations contained in Paragraph 38 of Plaintiff's Amended Complaint.

39. Defendant Unum denies the allegations contained in Paragraph 39 of Plaintiff's Amended Complaint.

## SECOND DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Plaintiff's recovery, if any, is limited to the terms, conditions, limitations, exclusions, and other provisions of the Policy.

## FOURTH DEFENSE

Defendant Unum complied with and performed all of their promises, obligations and duties to Plaintiff under the Policy and the handling of the claim complied fully with the terms and conditions of ERISA.

## FIFTH DEFENSE

The demand for attorneys' fees should not be granted under ERISA because Defendant's handling of the claim was reasonable and all actions in the handling of said claim were taken in good faith.

## SIXTH DEFENSE

Each and every act or statement done or made by Defendant and its officers, employees and agents with reference to Plaintiff was a good-faith assertion of Defendant's rights and, therefore, was privileged and/or justified.

## SEVENTH DEFENSE

The request for a jury trial should be stricken because a jury trial is not available under ERISA.

## EIGHTH DEFENSE

Any injury allegedly suffered by Plaintiff was caused or contributed to by the actions of parties other than Unum.

## NINTH DEFENSE

Defendant Unum's decisions were neither arbitrary nor capricious.

## TENTH DEFENSE

The nature of relief sought by Plaintiff is unavailable under ERISA and/or Plaintiff's claims are preempted by ERISA.

## REQUESTED RELIEF

Defendant Unum respectfully requests: (i) that the Court dismiss the claims against them with prejudice and that judgment be entered in Defendant Unum's favor on such claims; (ii) that Defendant Unum be awarded its costs of suit incurred herein, including reasonable attorneys' fees; and (iii) that the Court grant such other relief as is appropriate under the circumstances of this case.

Dated: January 27, 2005

Geraldine G. Sanchez
PIERCE ATWOOD LLP
One Monument Square
Portland, ME 04101
(207) 791-1100

Attorney for Defendant
Unum Life Insurance Company of America

{W0312713.1}

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the enclosed Answer was served upon counsel for Plaintiff via overnight mail, addressed as follows:

>James E. Grumbach, Esq.
>Rothenberg, Estner, Orsi, Arone & Grumbach, LLP
>Wellesley Office Park
>20 William Street, Suite 245
>Wellesley, MA  02481
>
>Alfred D. Ellis, Esq.
>Zimble & Brettler, LLP
>21 Custom House Street
>Boston, MA  02110
>
>Damon Seligson
>Holland & Knight
>10 St. James Avenue
>Boston, MA  02116

DATED:   January 27, 2005

_____
Geraldine G. Sanchez

{W0312713.1}