UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RHODA SPANGLER,<br>    Plaintiff<br><br>v.<br><br>UNUMPROVIDENT LIFE INSURANCE<br>COMPANY AND USI CONSULTING GROUP,<br>    Defendants. | C.A. No. 04-12139NMG |

## JOINT STATEMENT PURSUANT TO LR 16.1

Pursuant to Local Rule 16.1(D), the Plaintiff Rhoda Spangler ("Spangler") and the Defendants Unumprovident Life Insurance Company ("Unumprovident") and USI Consulting Group ("USI") hereby submit the following joint statement.

The parties, having conferred pursuant to Local Rule 16.1(B), are unable to agree regarding a joint discovery plan and therefore set forth their respective positions with respect to pretrial proceedings.

### I. PLAINTIFF'S POSITION

A. <u>Plaintiff's Statement of the Case.</u>   This is a claim for recovery of benefits under a group life insurance policy purchased by the decedent, Ronald C. Spangler. Plaintiff seeks recovery of plan benefits against Unum, alleges negligence and breach of fiduciary duties against USI, and also seeks equitable relief against the Defendants.

Ronald C. Spangler was an employee of Burns and Roe Enterprises, Inc., which established a Group Life and Accidental Death and Dismemberment Insurance Plan through

1

Defendant UnumProvident Life Insurance Company ("UnumProvident") for the benefit of its employees including Mr. Spangler (the "Plan"). Defendant USI Consulting Group ("USI"), as well as Burns and Roe and perhaps Unum, has at all times material been a plan administrator responsible for processing and administering the Plan. Beginning in calendar year 2000, Mr. Spangler purchased both base life insurance coverage (in the amount of his annual salary of $120,000) and supplemental life insurance coverage, in the same amount, with all the premiums being deducted from his payroll by completing forms supplied by the Defendant USI for that purpose. The premiums for $240,000 of insurance coverage were accepted by one or both of the defendants.

The Plaintiff Rhoda Spangler ("Mrs. Spangler") was diagnosed with multiple sclerosis in the late 1980's. Mr. and Ms. Spangler sought the full amount of both life and supplemental life insurance coverage, to provide additional security for Mrs. Spangler in the aftermath of her diagnosis with that disease.

On January 13, 2003, Mr. Spangler died of a brain embolism. Mrs. Spangler promptly notified the Defendants of his death and submitted documentation and forms as requested in order to receive the life insurance proceeds. In response, Mrs. Spangler did not receive $240,000. Instead, Mrs. Spangler received a payment of $78,650, which equaled 65% of Mr. Spangler's annual salary. The Defendants refused to pay (a) $42,350, which represents the remaining 35% of Mr. Spangler's annual salary with respect to the "base coverage" and (b) $121,000 in "supplemental coverage", for a total additional amount claimed but unpaid in the amount of $163,350.

In a letter dated April 13, 2003, defendant USI advised Mrs. Spangler that her husband had been "incorrectly included in the list of individuals approved for the additional coverage …

which was in fact not in force" at the time of his death, and claimed that Mr. Spangler was only entitled to base coverage in the amount of 65% of his salary. USI stated that Mr. Spangler had not completed and returned an evidence of insurability form, and that he was therefore unable to obtain the supplemental coverage. USI contended that because he had not completed and returned the forms, Mr. Spangler "understood ... that the premium payments deducted from his pay were the result of administrative error." USI acknowledged that it had made an error, offered to refund the premiums which had been paid by Mr. Spangler and accepted by the Defendants prior to his death, and offered an additional modest sum of money, a fraction of the insurance coverage purchased, in settlement of any potential claim.

Mrs. Spangler followed all the steps necessary for the filing of this action. Mrs. Spangler sent a formal written claim, dated February 7, 2004, to both Defendants. In correspondence dated February 26, 2004, UnumProvident denied the claim for essentially the same reasons set out in the April 13, 2003 correspondence, although the second letter contained facts which contradicted facts contained in the April 2003 correspondence. Plaintiff sent a written appeal, dated April 16, 2004, to both Defendants. In correspondence dated June 11, 2004, UnumProvident denied the appeal. On August 17, 2004, Mrs. Spangler instituted an action in Middlesex Superior Court, which was in turn removed to this Court by UnumProvident on October 8, 2004.

Mrs. Spangler submits that she is entitled to full payment of both the basic and supplemental coverage for several reasons. First, the Defendants accepted the premiums from Mr. Spangler for total insurance coverage of $240,000 for over two years. Notwithstanding their acceptance of the premiums through his payroll deductions, neither Defendant advised Mr. Spangler that he was not entitled to the full amount of the base coverage or the supplemental

coverage; they never advised him that there were additional documents needed for the supplemental coverage to become effective; nor did they advise him that he had not been approved for the additional coverage. In particular, USI -- as the party responsible for servicing the Plan -- should have advised Mr. Spangler of any such deficiencies. The additional life insurance was very important to the Spanglers due to Mrs. Spangler's diagnosis of a degenerative nerve disease, to wit, multiple sclerosis. Had Mr. Spangler been advised that additional documents were necessary to obtain the additional coverage, he would have executed the documents. Had the Spanglers been advised that Mr. Spangler was not entitled to the additional coverage, the Spanglers would have attempted to obtain additional insurance privately, because there was no medical impediment to Mr. Spangler doing so in 2000, 2001 and 2002.

Second, M.G.L. c. 175 §134, which is applicable to group life insurance policies, applies to this action. That statute provides that such a "policy shall be incontestable after two years from its date of issue except for non-payment of premiums; and that the insurance on any person insured under the policy shall be incontestable after it has been in force for a period of two years during such person's lifetime except for violation of the conditions of the policy relating to military or naval service in time of war." The Defendants removed this action to this Court alleging jurisdiction pursuant to 29 U.S.C. § 1132(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"). Recent case law indicates that a statute such as M.G.L. c. 175 §134 is not pre-empted by the provisions of ERISA.

As a result, Ms. Spangler should recover on her claims for the full insurance benefits under the group life policy, in the amount of $163,350.

B.      The Applicable Legal Standard.  In an ERISA denial of benefits case, a reviewing court will engage in a limited and deferential "arbitrary and capricious review", rather than a "*de novo* review", where a plan provision grants discretionary authority to a fiduciary to determine eligibility for benefits or to construe terms of plan.  Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989).  The language of the plan alone will determine whether the plan grants discretion.  Courts will not find that a plan is "discretionary" unless the plan language so provides.  Walke v. Group Long Term Disab. Ins., 256 F.3d 835, 839-40 (8th Cir. 2001); Brown v. Seitz Foods, Inc. Disability Benefit Plan, 140 F.3d 1198, 1200 (8th Cir. 1998). Provisions of the plan may have to be interpreted in light of all circumstances and such other evidence of the intention of the plan's creator.  Employee Retirement Income Security Act of 1974, §502(a)(1)(B), as amended, 29 U.S.C. §1132(a)(1)(B).  Under this scope of review, the administrator's determination of eligibility is to be considered final unless it is arbitrary or capricious, not supported by substantial evidence, or erroneous on questions of law.  Peckham v. Board of Trustees, 653 F.2d 424 (10th Cir. 1981).

Courts have recognized that if procedural problems in the denial or appeal are shown, they can be examined by way of evidence outside the administrative record.  Schey v. Unum Life Ins. Co. of North America, 145 F. Supp.2d 919 (N.D. Ohio 2001)(additional evidence inadmissible, where issue was administrator's alleged bias and plaintiff did not point to any purported procedural problem).  Courts review an administrator's interpretation of policy terms *de novo*, and the court may in such a determination consider evidence not in the administrative record.  Southern Farm Bur. Life Ins. Co. v. Moore, 993 F.2d 98 (5th Cir. 1993).

C.      Plaintiff's Position Regarding Discovery.    Plaintiff seeks to take a limited amount of discovery including the deposition of a representative of each party and the

Keeper of the Records of Mr. Spangler's employer. Plaintiff seeks to obtain the Plan and associated documents; revisions of the Plan throughout the years; annual benefit statements; the documents upon which the Defendants based their decision to deny Mrs. Spangler the benefits of the insurance policies; and other documents related thereto. Mrs. Spangler reserves the right to take additional depositions and seek additional documents depending upon the information contained in the foregoing materials.

As noted below, Defendants take the position that no discovery is necessary in this case and seek to limit Mrs. Spangler's access to discovery to those documents which it considers to be "the administrative record." Mrs. Spangler submits that this position conveys unfettered power upon the Defendants to determine what documents are or are not relevant to the Plaintiff's claim. Mrs. Spangler may discover documents which in her view should have been included as part of "the administrative record" because they support her claim. Without full access to all information in the possession of the Defendants regarding the Plan, Mr. Spangler's employee benefits, his payroll records, and other documents containing relevant facts, Mrs. Spangler in unnecessarily restricted to Defendants' view of the case, and is prejudiced thereby.

Mrs. Spangler objects to so much of the Defendants' proposed discovery plan as requires judicial intervention simply to obtain discovery which the Defendants contend are outside "the Record for Judicial Review." Mrs. Spangler does not seek to go on an unfettered "fishing expedition," she merely seeks access to those facts which are relevant to the issues raised in this case. Three or four short depositions are not unreasonable or burdensome to the Defendants and will not unduly delay the resolution of this matter.

## II. DEFENDANT UNUM'S POSITION

Plaintiff's claims against Defendant Unum arise from the denial of her claim for additional life insurance benefits under her deceased husband's employer's employee welfare benefit plan (the "Plan"). Plaintiff has amended her Complaint to plead all claims under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.* ("ERISA").

As set forth below, Unum's decision to deny Plaintiff's claim for benefits is subject to an "arbitrary and capricious" standard of review by this Court. The parties disagree on the scope of review that should be applied to this case, *i.e.*, the extent to which discovery should be permitted, if at all.

### A. Defendant Unum's Position Regarding the Scope of Review.

Under the terms of the Plan, Unum has discretionary authority to determine eligibility for benefits, to construe the terms of the Plan and to apply those terms to the facts of Plaintiff's claim. The Plan states:

> In making any benefits determination under this Policy, the Insurance Company shall have the discretionary authority both to determine an employee's eligibility for benefits and to construe the terms of this Policy.

Policy, PS-GI-1. Defendant maintains that the grant of discretionary authority contained in the Policy subjects Unum's decision to deny Plaintiff's claim for benefits to an "arbitrary and capricious" standard of review by this Court. *See, e.g.*, *Firestone Tire and Rubber, Inc. v. Bruch*, 489 U.S. 101, 115 (1989).

Unum contends that no discovery is necessary because the Court's review is limited under controlling precedent to the materials in the administrative record, and no good cause exists for expanding the record. Because the Court is conducting an arbitrary and capricious review of Unum's decision, the Court's review is limited to the evidence that was submitted in

support of the application for benefits, *i.e.*, the administrative record. *See Leahy v. Raytheon Co.*, 315 F.3d 11, 17-18 (1st Cir. 2002) ("In an ERISA benefit denial case ... the district court sits more as an appellate tribunal than as a trial court. It does not take evidence, but, rather, evaluates the reasonableness of an administrative determination in light of the record compiled before the plan fiduciary."); *see also University Hosp. v. Emerson Elec.*, 202 F.3d 839, 845, n.2 (6th Cir. 2000); *Perlman v. Swiss Bank Corporation Comprehensive Disability Protection Plan*, 195 F.3d 975, 981 (7th Cir. 2000); *Kimber v. Thiokol Corp.*, 196 F.3d 1092, 1098 (10th Cir. 1999); *Brown v. Seitz Foods, Inc. Disability Benefit Plan*, 140 F.3d 1198, 1200 (8th Cir. 1998); *Miller v. United Welfare Fund*, 72 F.3d 1066, 1071 (2d Cir. 1995); *Sheppard & Enoch Pratt Hosp. v. Travelers Ins. Co.*, 32 F.3d 120, 125 (4th Cir. 1994); *Lee v. Blue Cross/Blue Shield*, 10 F.3d 1547, 1550 (11th Cir. 1994); *Taft v. Equitable Life Assurance Co.*, 9 F.3d 1469, 1471 (9th Cir. 1993); *Liston v. Unum Corp. Officer Severance Plan*, 211 F. Supp. 2d 222, 228 (D. Me. 2002); *Kiley v. Travelers Indemn. Co.*, 853 F. Supp. 6, 14 (D. Mass. 1993).

And because the Court's review is limited to the administrative record, no discovery is warranted or appropriate, as discovery could not possibly lead to the production of admissible evidence. *See, e.g.*, *Fitts v. Federal Nat'l Mortgage Ass'n*, 204 F.R.D. 1, 3 (D.D.C. 2001); *Spangler v. Unum Life Ins. Co*, 38 F. Supp. 2d 952, 956 (N.D. Okla. 1999); *Maxwell v. Ameritech Corp.*, 7 F. Supp.2d 905, 908-09 (E.D. Mich. 1998); *Palmer v. University Med. Group*, 973 F. Supp. 1179, (D. Or. 1997).

### III.   DEFENDANT USI'S POSITION

Plaintiff's claims against Defendant USI arise from the denial of her claim for additional life insurance benefits under her deceased husband's employer's employee welfare benefit plan

(the "Plan").  Plaintiff has amended her Complaint to plead all claims under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.* ("ERISA").

Because this is a case brought under ERISA, USI submits that this Court's determination as to the appropriateness of the decision to deny Plaintiff's claim for benefits is to be confined to the administrative record.  In the alternative, to the extent that this Court deems it necessary to allow discovery beyond the administrative record, USI maintains that such discovery be limited in scope and expeditious so as to further the purposes underlying ERISA, namely the prompt resolution and disposition of coverage disputes.

**IV.    DEFENDANTS' PROPOSED DISCOVERY PLAN AND SCHEDULE FOR MOTIONS**

a.    The Defendants agree to provide the Plaintiff with a complete copy of the Proposed Record for Judicial Review by April 21, 2005.

b.    If any party proposes that it is entitled to any discovery, to constitute or supplement the Record For Judicial Review, it must send to the party from whom discovery is sought copies of the proposed discovery by May 30, 2005.  By June 15, 2005, the party from whom discovery is sought will inform all parties in writing whether it agrees to the discovery sought.

c.    If agreement can not be reached, any party that proposes that it is entitled to any discovery, to constitute or supplement the Record For Judicial Review, must file with the Court by June 30, 2005 a motion showing cause for the party's entitlement to such discovery and attaching copies of the discovery requests.  Counsel to any party not proposing discovery shall have two weeks from service of a request for discovery to file an opposition thereto.

    d.    Any party filing a Motion for Judgment on the Administrative Record or Summary Judgment shall do so on or before September 1, 2005, or two months after the Court rules on any outstanding motions regarding the scope of the administrative record or discovery.

    e.    Any party filing an Opposition to a Motion filed under paragraph e above shall do so thirty (30) days following receipt of the Motion for Summary Judgment.

### V. TRIAL BY MAGISTRATE

The parties do not wish to seek trial before a Magistrate Judge.

### VI. CERTIFICATION PURSUANT TO L.R. D. MASS. 16.1

The parties' certifications will be filed under separate cover.

### VII. SETTLEMENT

The Plaintiff has submitted a settlement offer to the Defendants pursuant to Rule 16.1(C). The Defendants have not as yet responded to this offer.

Respectfully submitted,

PLAINTIFF RHODA SPANGLER,
By her attorneys,

*/s/ James Grumbach / DMS*

James E. Grumbach, Esq., BBO# 213740
Theresa Kelly Banash, Esq., BBO #267170
ROTHENBERG, ESTNER, ORSI, ARONE &
GRUMBACH, LLP
20 William Street, Suite 245
Wellesley, MA  02481
(781) 239-8900 (telephone)
(781) 238-8909 (fax)

DEFENDANT UNUMPROVIDENT LIFE
INSURANCE COMPANY
By its attorneys,

_____
Geraldine Sanchez, Esq.
Pierce Atwood LLP
One Monument Square
Portland, ME 04101
(207) 791-1100


DEFENDANT USI CONSULTING GROUP,
By its attorneys,

_____
James D. Smeallie, Esq., BBO #467380
Damon M. Seligson, Esq., BBO #632763
Holland & Knight LLP.
10 St. James Avenue
Boston, MA 02116
(617) 523-2700 (telephone)
(617) 523-6850 (fax)

# 2694567_v1